# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-19-00805-CV

J. C., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 18-0024-CPS425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant J.C. appeals from the district court's order appointing J.C. possessory conservator of his son, L.C., and appointing L.C.'s maternal grandmother, M.O., permanent managing conservator with the right to determine the terms of J.C.'s access to L.C. in person as well as through telephone calls and letters.[1] J.C.'s court-appointed appellate counsel has filed an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 530 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal

---

[1] J.C. is currently confined in the Institutional Division of the Texas Department of Criminal Justice and is serving a 25-year sentence imposed in May 2017 after J.C. was convicted of a felony.

and counsel's obligation not to prosecute frivolous appeals" (citations omitted)).[2] The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). J.C.'s counsel has certified to this Court that he provided J.C. with a copy of the *Anders* brief and informed him of his right to examine the appellate record and to file a pro se brief. J.C. requested a copy of the appellate record, which this Court provided to him, but did not file a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 76, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on J.C.'s behalf. We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is frivolous. Accordingly, we affirm the district court's order.[3]

---

[2] Although the Department ultimately did not seek termination of J.C.'s parental rights, the Department's original petition sought that relief in the alternative to reunification, and the trial court appointed counsel to represent J.C. After trial, the court found that J.C. remained entitled to a court-appointed attorney on appeal and appointed appellate counsel.

[3] Counsel's obligation to J.C. has not yet been discharged. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). If J.C., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

2

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   April 24, 2020